CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 29, 2026

LAURA A. AUSTIN, CLERK
BY: __/s/ M. Poff__
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DEMONTAI CUFFEE,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:25cv00569** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **D. DUKE, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Plaintiff Demontai Cuffee, a Virginia inmate proceeding *pro se*, has filed this case under

42 U.S.C. § 1983, alleging excessive force, bystander liability, supervisory liability, violation of

due process, and filing a false disciplinary complaint. He has now filed a Motion for Preliminary

Injunction, seeking dental care and mental health treatment for injuries he allegedly sustained as

a result of the excessive force incidents in the underlying suit. Dkt. No. 58. For the reasons

explained below, the preliminary injunction is not properly sought in this case.

## I. FACTS ALLEGED

Cuffee alleges that one of his teeth was fractured when he received a knee to the face

during one of the assaults in May 2025 described in his Amended Complaint. On July 1, 2025,

Cuffee wrote to the dental office complaining of pain. He was seen by a dental hygienist on

September 4, 2025, who took x-rays and documented his complaints of pain from "tooth #32, 31,

and #9 chipped." Dkt. No. 58 at 1–2, ¶ 3. She advised he would be scheduled to be seen by Dr.

Collins. Despite repeated requests, Cuffee has yet to be seen and continues to suffer from pain

and difficulty chewing.

On December 6, 2025, Cuffee wrote to Mental Health, complaining of nightmares,

difficulty sleeping, and generally feeling traumatized by the events in May 2025. He received a

response to his request for services on January 7, 2026, scheduling him to be seen. When Cuffee

was seen in the mental health department, he was given a booklet. He has not been seen or treated since then.

## II. STANDARD FOR INJUNCTIVE RELIEF

Preliminary injunctive relief is an extraordinary remedy that courts should grant only sparingly. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991). In the prison context, preliminary injunctive relief involving management of correctional institutions should be granted only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). Because a preliminary injunction grants a remedy, temporarily, that one can only get permanently after a trial, the party seeking the injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party must satisfy all four requirements, and the injunctive relief can only be granted on a clear showing of entitlement. A court need not address all four factors if one or more factors is not satisfied. *Henderson ex rel. NLRB*, 902 F.3d 432, 439 (4th Cir. 2018).

## III. DISCUSSION

At the outset, the requested injunction would not be enforceable against the parties responsible for providing treatment to Cuffee. The defendants in this case are corrections officers, SRT members, and a hearing officer. They are the only defendants before the court in this case. The court has no authority to issue an injunction against someone other than a party or his agents/employees unless the person is in active concert with a party or his employees. Fed. R. Civ. P. Rule 65(d)(2).

The corrections officers, SRT members, and the hearing officer in this suit cannot be liable for deliberate indifference to Cuffee's health care needs months after the events alleged in the Complaint unless they are aware of an ongoing serious medical need and aware that their inaction is inappropriate in light of the known risk. As non-medical personnel, they are entitled to rely on the doctors, nurses, and medical administrative staff to schedule and provide appropriate care. *See Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (holding that non-medical personnel are entitled to rely on the professional judgment of medical practitioners to determine appropriate treatment for a patient), *overruled on other grounds by Fidrych v. Marriott Int'l., Inc.*, 952 F.3d 124 (4th Cir. 2020); *Iko v. Shreve*, 535 F.3d 225, 242 (4th Cir. 2008) (reasoning that "if a prisoner is under the care of medical experts . . ., a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.").

Cuffee has not identified the person or people responsible for the delay in his dental and/or mental health care. Nor has he indicated why the care has not been provided. If an administrator is refusing to schedule an appointment, that person would need to be before the court before he or she could be bound by an injunction. If the mental health provider has not scheduled anything further, perhaps because believing no further treatment is needed, that health care provider would need to be under the court's jurisdiction in this case before he or she could be bound by an injunctive order in this case. Otherwise, the court has no jurisdiction to order them to do anything.

In addition to the preliminary issue of not having the proper parties before the court for the sought injunction, Cuffee has not satisfied the four requirements listed in *Winters*. 555 U.S. at 22.

**1. Likely to Succeed on the Merits at Trial**

Cuffee argues that he has a great likelihood of succeeding on the merits at trial because intentionally failing to provide appropriate treatment is unconstitutional.  However, deliberate indifference to medical care is not an issue in this lawsuit.  This lawsuit alleges excessive force by some of the defendants, bystander and/or supervisory liability by others, a false disciplinary complaint, and denial of due process at a disciplinary hearing.  Because determining whether excessive force was used will likely require a factfinder deciding which version of events to believe from testimony by multiple people, Cuffee cannot say that he is "likely" to succeed on the merits at trial, given the current record.

While Cuffee alleges that the medical treatment he needs is caused by these defendants' actions in the underlying suit, the alleged failure to provide treatment does not arise out of any of the defendants' use of excessive force.  A preliminary injunction is not appropriate when the harm complained of does not arise from the conduct alleged in the Complaint.  *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997).  If Cuffee believes that his Eighth Amendment rights are being violated by deliberate indifference to his medical/dental/mental health needs, he may bring such a claim in a separate lawsuit, after first exhausting his administrative remedies.

**2. Likely to Suffer Irreparable Harm**

To establish likelihood of irreparable harm, a litigant must show harm that is "neither remote or speculative, but actual and imminent."  *Direx Israel, Ltd.*, 952 F.2d at 812.  Cuffee complains of a chipped tooth and dental pain and a need for mental health care.  Irreparable injury means an injury which cannot be fully rectified by the final judgment after trial.  *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell*, 915 F.3d 197, 216 (4th Cir. 2019).  In the context of delayed medical care, the likelihood of irreparable injury is fact

4

specific.  *Compare Brown v. Levels*, No. 5:19-cv-01539-RMG, 2019 WL 5304557, at *2 (D.S.C. Feb. ) (holding that plaintiff's complaint of delay in fixing a broken tooth did not establish irreparable harm) *and Disability Rights South Carolina v. Richland County*, No. 8:22-cv-1358-MGL-WSB, 2024 WL 7006037, at *20 (D.S.C. Dec. 9, 2024) (holding that plaintiffs failed to show imminent risk of irreparable harm from mental health issues related to solitary confinement) *with Lewis v. YesCare Client Services*, No. MJM-24-2253, 2024 WL 5075210, at *3 (D. Md. Dec. 11, 2024) (holding that plaintiff established imminent likelihood of irreparable harm from continued delay of cancer surgery after more than a year).  Based upon the types of delayed medical care claims that have been held sufficient to establish imminent risk of irreparable harm, I find that Cuffee has not met this burden.

Having found that Cuffee did not establish either of the first two *Winters* factors, it is unnecessary to analyze the remaining two factors.  *Henderson ex rel. NLRB*, 902 F.3d at 439.

### IV.  CONCLUSION

Cuffee has failed to meet the strict requirements to show entitlement to preliminary injunctive relief.  I will deny the Motion for Preliminary Injunction.  An appropriate order will be entered this date.

Enter:  June 29, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge