CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

November 17, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Lauren Mihalic-Bandy
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **DEMONTAI CUFFEE,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:25cv00569** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **D. DUKE, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Plaintiff Demontai Cuffee, a Virginia inmate proceeding *pro se*, has appealed from orders of the Magistrate Judge denying appointment of counsel and denying certain discovery items. A District Judge reviews a Magistrate Judge's decision on nondispositive motions, the standard of review is whether the appealed order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. Rule 72(a). For the reasons explained below, Cuffee's objections to the rulings are overruled.

**A. Motion for Counsel**

Cuffee filed a single motion requesting a subpoena for video footage and requesting a court-appointed attorney, which was docketed twice: At Docket Item No. 12, the motion was docketed as a request for subpoena; it was docketed as a motion for counsel at Docket Item No. 13. The request for counsel simply stated, "I would like to request a court appointed attorney." *Id.* Cuffee did not state why he wanted an attorney, nor did he argue the matter.

In a written opinion, the Magistrate Judge denied the motion for counsel, noting that the court cannot require an attorney to represent an indigent civil plaintiff, but may request an attorney to represent an indigent plaintiff when exceptional circumstances exist. The court found no exceptional circumstances to warrant requesting *pro bono* counsel. Dkt. No. 29.

In his appeal of this ruling, Cuffee listed the following reasons for appointing counsel:

- He cannot afford counsel.

- The issues in the case are complex.
- He had written to several law firms, none of which was willing to represent him.
- His case was complex, alleging excessive force, bystander liability, supervisory liability, and filing of a false disciplinary charge.
- Medical issues in the case might require expert testimony.
- The case requires discovery and depositions.
- There will be conflicts in the evidence.
- He is requesting a jury trial.
- He is at a high security prison with limited access to legal materials.
- He has only a GED and no legal education or knowledge of the law.

Dkt. No. 37-1. In fairness to the Magistrate Judge, none of the above reasons were offered to her before she denied Cuffee's motion. Whether to consider new evidence when reviewing a magistrate's ruling rests within the sound discretion of the district court. *Wojcicki v. Aiken Technical College*, 360 F. App'x 484, 488 (4th Cir. 2010). Because plaintiff is *pro se* and has no legal training, I will consider Cuffee's additional information/argument.

Notwithstanding Cuffee's argument, he has failed to show exceptional circumstances. Most *pro se* inmates have limited education and no legal training, cannot afford counsel, and have limited access to legal materials. Most *pro se* inmates request a jury trial, and when a case goes to trial, there are always conflicts in testimony. All litigants, whether represented or *pro se*, have the right to conduct discovery. Cuffee's case does not allege malpractice, so the extent of his injuries can be shown through medical records and the testimony of treating physicians, who are not expert witnesses. Finally, the issues in this case are not factually complex. Cuffee has articulated the facts clearly. The purported lack of legal knowledge will not unduly prejudice

him because the law applies to the facts. If the facts are presented, but do not constitute a claim as a matter of law, a claim will be dismissed; that is true whether plaintiff has counsel or not. The facts do not change just because the law is unfavorable. The crux of Cuffee's claim is excessive force. That is not a complex legal theory, and Cuffee's pleadings throughout this matter leave no question that he is capable of presenting his facts at trial.

Finding no clear error or violation of law, I affirm the Magistrate Judge's order denying court-appointed counsel at this time.

**B. Discovery**

Cuffee submitted four requests for production of documents under Fed. R. Civ. P. Rule 34:

> 1. Please provide copies, or make available for inspection and/or copying, Both SRT Officers Photo ID, Names and Title [SRT officers shown] in Body cam footage of Sergeant S. Boggs Axon Body cam from May 6, 2025 approx. 12:25 p.m.
>
> 2. Please provide copies, or make available for inspection and/or copying, a Sworn Affidavit from WRSP Nurse C. Collins stating what she heard, seen and what was wrong with plaintiff on May 14, 2025 in Medical.
>
> 3. Please provide copies, or make available for inspection and/or copying, A sworn Affidavit from WRSP Investigator J. Boggs stating what he seen, heard, and how did the plaintiff look on May 14, 2025 in medical.
>
> 4. Please provide copies, or make available for inspection and/or copying, A sworn Affidavit from WRSP Doctor Mullina. Stating what he seen, heard, and what was going on while Defendants and Plaintiff was in Exam Room #1 on May 14, 2025 in Medical.

Dkt. No. 84. The Magistrate Judge granted the first request and denied the remaining three. Dkt. No. 85. In objecting to the Magistrate Judge's ruling, Cuffee explained that he had no other way to get prison employees to sign affidavits. Dkt. No. 93.

While the court appreciates Cuffee's frustration, the Request for Production does not authorize what Cuffee has requested. Sgt. Investigator J. Boggs, Nurse C. Collins, and Dr. Mullina are not parties to this suit. Under Rule 34, a party may serve a request for production on "any other *party*." Fed. R. Civ. P. 34(a). Further, the items requested must be in the responding party's "possession, custody, or control." Documents possessed by people who are not parties to the suit cannot be obtained under Rule 34. Such documents, if they exist, may be obtained from non-parties under Rule 45. Fed. R. Civ. P. 34(c). Rule 45 governs subpoenas for witnesses and documents/other tangible items.

Cuffee's request, however, would not even be appropriate for a subpoena. He is not requesting production of something already in the control of Boggs, Collins, or Mullina. Rather, he is asking these people to *create* a document, namely an affidavit about what they know. That is beyond the scope of a request for production or a subpoena. Accordingly, the Magistrate Judge's denial was neither clearly erroneous nor contrary to law.

I will deny both motions to appeal. An appropriate order will be entered this date.

Enter: November 17, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge